**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **KIMBERLY GREEN, CHERYL KILFOIL, HEATHER SINCLAIR, LISA DONOVAN,** and **MOLLY RAMIREZ,** individually and on behalf of others similarly situated, | **Case No.** |
| **Plaintiffs,** | |
| **v.** | **Jury Trial Demanded** |
| **RELIANCE STANDARD LIFE INSURANCE COMPANY,** | |
| **Defendant.** | |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Kimberly Green, Cheryl Kilfoil, Heather Sinclair, Lisa Donovan, and Molly Ramirez, individually and on behalf of others similarly situated, bring this lawsuit to recover unpaid overtime wages and other damages from Reliance Standard Life Insurance Company under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Maine wage and hour law, 26 M.R.S.A. § 664 *et seq.* ("Maine Law"), and Oregon wage and hour law, O.R.S. §§ 652.140, 652.150, 652.200, 653.055, and 653.261 ("Oregon Law").

### BACKGROUND

1.     Defendant is a "leading insurance carrier specializing in innovative and flexible employee benefits solutions" across the country.[1]

2.     Defendant partners with employers to administer and process disability and leave of absence claims filed by their customers' employees.

---

[1] https://www.reliancestandard.com/home/about-us/who-we-are/ (last visited May 20, 2020)

3.      As a third-party absence management administrator, Defendant's core functions include processing disability and leave of absence claims within contractual timeframes.

4.      Defendant employed Plaintiffs and other non-management employees to process disability and leave claims within contractual timeframes.

5.      Defendant employed Plaintiffs and other Claims Examination Employees to process disability claims within contractual time frames under various job titles that include the term "Claims Examiner" (collectively, "Claims Examination Employees").

6.      Defendant paid some or all of its Claims Examination Employees on a salary basis.

7.      Defendant's Claims Examination Employees regularly worked over 40 hours per work week.

8.      Defendant classified Claims Examination Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks.

9.      Plaintiffs and other Claims Examination Employees' primary job duty consisted of reviewing employee disability claims against predetermined guidelines to determine benefit eligibility within contractual time frames ("Claims Review Work").

10.     The Claims Review Work performed by Plaintiffs and other Claims Examination Employees is non-exempt work.

11.     Plaintiffs bring this action on behalf of themselves and other similarly situated Claims Examination Employees, who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual workweeks in violation of the FLSA, Maine Law, and Oregon Law.

12.     Plaintiffs Kilfoil, Sinclair, Donovan, and Ramirez also bring class action claims under Maine Law.

2

13.     Plaintiff Green also brings class action claims under Oregon Law.

14.     Plaintiffs brings their state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay them and other Claims Examination Employees for all earned overtime pay.

## JURISDICTION AND VENUE

15.     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. 29 U.S.C. § 216(b).

16.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same facts as the FLSA claims.

17.     Venue is proper in this District under 28 U.S.C. §1391 because Defendant resides in this District.

## THE PARTIES

18.     Plaintiff Green is an individual residing in Portland, Oregon.

19.     Plaintiff Kilfoil is an individual residing in Windham, Maine.

20.     Plaintiff Sinclair is an individual residing in New Gloucester, Maine.

21.     Plaintiff Donovan is an individual residing in Biddeford, Maine.

22.     Plaintiff Ramirez is an individual residing in Biddeford, Maine.

23.     Defendant is an Illinois Corporation.

24.     Defendant is a subsidiary of Tokio Marine Holding, Inc., a Japanese corporation listed on the Tokyo stock exchange.

## FACTUAL ALLEGATIONS

25.     Plaintiff Green worked for Defendant as a Claims Examination Employee from approximately January 2019 to June 2019.

3

26.    During her employment with Defendant, Plaintiff Green primarily performed Claims Review Work.

27.    During her employment with Defendant, Plaintiff Green's job duties did not include regularly directing the work of two or more employees.

28.    During her employment with Defendant, Plaintiff Green did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

29.    During her employment with Defendant, Plaintiff Green's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

30.    During her employment with Defendant, Plaintiff Green's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

31.    During her employment with Defendant, Plaintiff Green could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

32.    During her employment with Defendant, Plaintiff Green's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

33.    During her employment with Defendant, Plaintiff Green's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

34.    During her employment with Defendant, Defendant required Plaintiff Green to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

35.     During her employment with Defendant, Plaintiff Green's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

36.     During her employment with Defendant, Plaintiff Green's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

37.     During her employment with Defendant, Plaintiff Green's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

38.     Defendant suffered Plaintiff Green to work over 40 hours in one or more individual workweeks during the last three years.

39.     During her employment with Defendant, Plaintiff Green worked over 40 hours in one or more individual workweeks during the last three (3) years.

40.     Defendant classified Plaintiff Green as exempt from the overtime provisions of the FLSA and Oregon Law.

41.     Defendant paid Plaintiff Green a salary.

42.     When Plaintiff Green worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one and one-half times her regular rate of pay.

43.     Plaintiff Kilfoil worked for Defendant as a Claims Examination Employee from approximately January 2015 to October 2018.

44.     During her employment with Defendant, Plaintiff Kilfoil primarily performed Claims Review Work.

45.     During her employment with Defendant, Plaintiff Kilfoil's job duties did not include regularly directing the work of two or more employees.

46.     During her employment with Defendant, Plaintiff Kilfoil did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

47.     During her employment with Defendant, Plaintiff Kilfoil's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

48.     During her employment with Defendant, Plaintiff Kilfoil's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

49.     During her employment with Defendant, Plaintiff Kilfoil could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

50.     During her employment with Defendant, Plaintiff Kilfoil's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

51.     During her employment with Defendant, Plaintiff Kilfoil's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

52.     During her employment with Defendant, Defendant required Plaintiff Kilfoil to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

53.      During her employment with Defendant, Plaintiff Kilfoil's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

54.     During her employment with Defendant, Plaintiff Kilfoil's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

6

55. During her employment with Defendant, Plaintiff Kilfoil's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

56. Defendant suffered Plaintiff Kilfoil to work over 40 hours in one or more individual workweeks during the last three (3) years.

57. During her employment with Defendant, Plaintiff Kilfoil worked over 40 hours in one or more individual workweeks during the last three (3) years.

58. Defendant classified Plaintiff Kilfoil as exempt from the overtime provisions of the FLSA and Maine Law.

59. Defendant paid Plaintiff Kilfoil a salary.

60. When Plaintiff Kilfoil worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one and one-half times her regular rate of pay.

61. Plaintiff Sinclair worked for Defendant as a Claims Examination Employee from approximately September 2017 to May 2019.

62. During her employment with Defendant, Plaintiff Sinclair primarily performed Claims Review Work.

63. During her employment with Defendant, Plaintiff Sinclair's job duties did not include regularly directing the work of two or more employees.

64. During her employment with Defendant, Plaintiff Sinclair did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

65. During her employment with Defendant, Plaintiff Sinclair's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

66. During her employment with Defendant, Plaintiff Sinclair's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

7

67.     During her employment with Defendant, Plaintiff Sinclair could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

68.     During her employment with Defendant, Plaintiff Sinclair's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

69.     During her employment with Defendant, Plaintiff Sinclair's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

70.     During her employment with Defendant, Defendant required Plaintiff Sinclair to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

71.     During her employment with Defendant, Plaintiff Sinclair's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

72.     During her employment with Defendant, Plaintiff Sinclair's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

73.     During her employment with Defendant, Plaintiff Sinclair's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

74.     Defendant suffered Plaintiff Sinclair to work over 40 hours in one or more individual workweeks during the last three years.

75.     During her employment with Defendant, Plaintiff Sinclair worked over 40 hours in one or more individual workweeks during the last three (3) years.

76.     Defendant classified Plaintiff Sinclair as exempt from the overtime provisions of the FLSA and Maine Law.

77.     Defendant paid Plaintiff Sinclair a salary.

78.     When Plaintiff Sinclair worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one and one-half times her regular rate of pay.

79.     Plaintiff Donovan worked for Defendant as a Claims Examination Employee from approximately November 2014 to January 2020.

80.     During her employment with Defendant, Plaintiff Donovan primarily performed Claims Review Work.

81.     During her employment with Defendant, Plaintiff Donovan's job duties did not include regularly directing the work of two or more employees.

82.     During her employment with Defendant, Plaintiff Donovan did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

83.     During her employment with Defendant, Plaintiff Donovan's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

84.     During her employment with Defendant, Plaintiff Donovan's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

85.     During her employment with Defendant, Plaintiff Donovan could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

86.     During her employment with Defendant, Plaintiff Donovan's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

9

87.     During her employment with Defendant, Plaintiff Donovan's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

88.     During her employment with Defendant, Defendant required Plaintiff Donovan to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

89.      During her employment with Defendant, Plaintiff Donovan's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

90.     During her employment with Defendant, Plaintiff Donovan's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

91.     During her employment with Defendant, Plaintiff Donovan's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

92.     Defendant suffered Plaintiff Donovan to work over 40 hours in one or more individual workweeks during the last three (3) years.

93.     During her employment with Defendant, Plaintiff Donovan worked over 40 hours in one or more individual workweeks during the last three (3) years.

94.     Defendant classified Plaintiff Donovan as exempt from the overtime provisions of the FLSA and Maine Law.

95.     Defendant paid Plaintiff Donovan a salary.

96.     When Plaintiff Donovan worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one and one-half times her regular rate of pay.

10

97.     Plaintiff Ramirez worked for Defendant as a Claims Examination Employee from approximately May 2019 to January 2020.

98.     During her employment with Defendant, Plaintiff Ramirez primarily performed Claims Review Work.

99.     During her employment with Defendant, Plaintiff Ramirez's job duties did not include regularly directing the work of two or more employees.

100.    During her employment with Defendant, Plaintiff Ramirez did not have the authority to hire, fire, suspend or otherwise discipline any of Defendant's other employees.

101.    During her employment with Defendant, Plaintiff Ramirez's primary job duty was not managing Defendant's business or any subdivision of Defendant's business.

102.    During her employment with Defendant, Plaintiff Ramirez's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

103.    During her employment with Defendant, Plaintiff Ramirez could not waive or deviate from Defendant's established policies or procedures in performing Claims Review Work without prior approval.

104.    During her employment with Defendant, Plaintiff Ramirez's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

105.    During her employment with Defendant, Plaintiff Ramirez's job duties did not involve formulating, interpreting or implementing management policies for Defendant or Defendant's customers.

106.    During her employment with Defendant, Defendant required Plaintiff Ramirez to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

11

107.    During her employment with Defendant, Plaintiff Ramirez's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

108.    During her employment with Defendant, Plaintiff Ramirez's job duties did not involve assessing liability and assigning percentages of fault to parties, evaluating bodily injuries, negotiating final settlements, or setting and adjusting reserves for claims.

109.    During her employment with Defendant, Plaintiff Ramirez's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's customers.

110.    Defendant suffered Plaintiff Ramirez to work over 40 hours in one or more individual workweeks during the last three (3) years.

111.    During her employment with Defendant, Plaintiff Ramirez worked over 40 hours in one or more individual workweeks during the last three (3) years.

112.    Defendant classified Plaintiff Ramirez as exempt from the overtime provisions of the FLSA and Maine Law.

113.    Defendant paid Plaintiff Ramirez a salary.

114.    When Plaintiff Ramirez worked over 40 hours in individual workweeks, Defendant did not pay her overtime at one and one-half times her regular rate of pay.

## COVERAGE UNDER THE FLSA

115.    Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

116.    Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

117.    Defendant has more than $500,000 in sales made or business done in each of the last three calendar years.

118. During her employment, Plaintiff Green was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

119. During her employment, Defendant was Plaintiff Green's "employer" as defined under the FLSA in 29 U.S.C. § 203(d).

120. During her employment, Plaintiff Kilfoil was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

121. During her employment, Defendant was Plaintiff Kilfoil's "employer" as defined under the FLSA in 29 U.S.C. § 203(d).

122. During her employment, Plaintiff Sinclair was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

123. During her employment, Defendant was Plaintiff Sinclair's "employer" as defined under the FLSA in 29 U.S.C. § 203(d).

124. During her employment, Plaintiff Donovan was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

125. During her employment, Defendant was Plaintiff Donovan's "employer" as defined under the FLSA in 29 U.S.C. § 203(d).

126. During her employment, Plaintiff Ramirez was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

127. During her employment, Defendant was Plaintiff Ramirez's "employer" as defined under the FLSA in 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

128. Plaintiffs bring their FLSA claims as a collective action.

129. Plaintiffs' FLSA Consent Forms are attached hereto as Exhibit A.

130. The Collective is defined as follows:

**All individuals employed by Defendant as Claims Examination Employees over the last three years who were paid a salary and classified as exempt from overtime ("Collective Action Members").**

131. Plaintiffs are similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

132. On information and belief, in the last three years, Defendant has employed at least 100 individuals who performed the same primary duties as Plaintiffs.

133. During their employment, Defendant was Collective Action Members' "employer" as defined by the FLSA 29 U.S.C. § 203(d).

134. Of Defendant's employees who performed the same primary job duties as Plaintiffs in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

135. Of Defendant's employees classified as exempt and who performed the same primary duties as Plaintiffs in the last three years, some or all worked over 40 hours in one or more individual workweeks.

136. Defendant maintained one or more common job descriptions for Claims Examination Employees.

137. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

138. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

139. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

140. Defendant was aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

## MAINE CLASS ACTION ALLEGATIONS

141.     Plaintiffs Kilfoil, Sinclair, Donovan, and Ramirez (the "Maine Plaintiffs") also seek class certification of the following state law class under Fed. R. Civ. P. 23:

> **All individuals employed by Defendant in Maine as Claims Examination Employees in the past six years who were paid a salary and were classified as exempt from overtime (the "Maine Class").**

142.     The Maine Class has more than 40 members.

143.     As a result, the Maine Class is so numerous that joinder of all members is not practical.

144.     There are questions of law or fact common to members of the Maine Class, including (1) whether the Maine Class members primarily performed non-exempt work; (2) whether Defendant violated Maine Law by refusing to pay the Maine Class members overtime pay; and (3) the proper measure of damages if Defendant misclassified the Maine Class members as exempt from the overtime provisions of Maine Law.

145.     The Maine Plaintiffs' overtime claims are typical of those of the Maine Class because they arise out of Defendant's uniform compensation practices.

146.     Defendant's defenses to The Maine Plaintiffs' claims are typical of its defenses to those of the Maine Class because they are grounded in the same compensation practices.

147.     The Maine Plaintiffs can fairly and adequately protect the interests of the Maine Class members because they have no interests adverse to the Maine Class.

148.     The Maine Plaintiffs can fairly and adequately protect the interests of the Maine Class members because they have retained counsel experienced in class action employment litigation.

149.     The common questions of law and fact predominate over the variations which may exist between members of the Maine Class, if any.

150.    The Maine Plaintiffs and the members of the Maine Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, statutory penalties, attorneys' fees and costs.

151.    If individual actions were required to be brought by each member of the Maine Class injured or affected by Defendant's common compensation practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to Defendant.

152.    Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Maine Class is entitled.

153.    The books and records of Defendant are material to the Maine Class members' claims because they disclose the hours worked by each member of the Maine Class and the rates at which Maine Class members were paid.

### OREGON CLASS ACTION ALLEGATIONS

154.    Plaintiff Green also seeks class certification of the following state law class under Fed. R. Civ. P. 23:

> **All individuals employed by Defendant in Oregon as Claims Examination Employees in the past two years who were paid a salary and were classified as exempt from overtime (the "Oregon Class").**

155.    During their employment, Plaintiff Green and the Oregon Class members were "employees" of Defendant as defined in O.R.S. § 652.310(2).

156.    During their employment, Defendant was Plaintiff Green's and the Oregon Class members' "employer" as defined in O.R.S. § 652.310(1).

157.    The Oregon Class has more than 40 members.

158.    As a result, the Oregon Class is so numerous that joinder of all members is not practical.

159.     There are questions of law or fact common to members of the Oregon Class, including (1) whether the Oregon Class members primarily performed non-exempt work; (2) whether Defendant violated Oregon Law by refusing to pay the Oregon Class members overtime pay; and (3) the proper measure of damages if Defendant misclassified the Oregon Class members as exempt from the overtime provisions of Oregon Law.

160.     Plaintiff Green's overtime claims are typical of those of the Oregon Class because they arise out of Defendant's uniform compensation practices.

161.     Defendant's defenses to Oregon Law claims are typical of its defenses to those of the Oregon Class because they are grounded in the same compensation practices.

162.     Plaintiff Green can fairly and adequately protect the interests of the Oregon Class members because she has no interests adverse to the Oregon Class.

163.     Plaintiff Green can fairly and adequately protect the interests of the Oregon Class members because she has retained counsel experienced in class action employment litigation.

164.     The common questions of law and fact predominate over the variations which may exist between members of the Oregon Class, if any.

165.     Plaintiff Green and the members of the Oregon Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, statutory penalties, attorneys' fees and costs.

166.     If individual actions were required to be brought by each member of the Oregon Class injured or affected by Defendant's common compensation practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to Defendant.

167.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Oregon Class is entitled.

168. The books and records of Defendant are material to the Oregon Class members' claims because they disclose the hours worked by each member of the Oregon Class and the rates at which Oregon Class members were paid.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

169. Plaintiffs incorporate here the previous allegations of this Complaint.

170. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiffs and the Collective Action Members at one-and-one-half times their regular rates when they worked over 40 hours in individual workweeks.

171. Plaintiffs were not exempt from the overtime provisions of the FLSA.

172. Collective Action Members were not exempt from the overtime provisions of the FLSA.

173. Plaintiffs were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

174. Other Collective Action Members were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

175. Defendant paid Plaintiffs a salary and no overtime compensation.

176. Defendant paid other Collective Action Members a salary and no overtime compensation.

177. Defendant violated the FLSA by failing to pay overtime to Plaintiffs at one-and-one-half times their regular rate of pay when she worked over 40 hours in one or more individual workweeks.

178. Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

179.    Defendant's failure to pay Plaintiffs and other similarly situated persons one-and-one-half times their regular rate for all time worked over 40 hours in a workweek was willful, as Defendant was aware or should have been aware that the FLSA required it to pay Plaintiffs and the Collective Action Members overtime.

## COUNT II
### VIOLATION OF MAINE WAGE AND HOUR LAW

180.    Plaintiffs incorporate here the previous allegations of this Complaint.

181.    Defendant violated Maine Law by failing to pay overtime to the Maine Plaintiffs and members of the Maine Class when they worked over 40 hours in individual workweeks.

182.    Defendant classified the Maine Plaintiffs and the members of the Maine Class as exempt from the overtime provisions of Maine Law.

183.    The Maine Plaintiffs and members of the Maine Class were not exempt from the overtime provisions of Maine Law.

184.    Defendant suffered and permitted the Maine Plaintiffs and members of the Maine Class to work over 40 hours in one or more individual workweeks.

185.    Defendant violated Maine Law by failing to pay the Maine Plaintiffs and Maine Class members overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

## COUNT III
### VIOLATION OF OREGON WAGE AND HOUR LAW

186.    Plaintiffs incorporate here the previous allegations of this Complaint.

187.    Defendant violated Oregon Law by failing to pay overtime to Plaintiff Green and members of the Oregon Class when they worked over 40 hours in individual workweeks.

188.    Defendant classified Plaintiff Green and the members of the Oregon Class as exempt from the overtime provisions of Oregon Law.

189.     Plaintiff Green and members of the Oregon Class were not exempt from the overtime provisions of Oregon Law.

190.     Defendant suffered and permitted Plaintiff Green and members of the Oregon Class to work over 40 hours in one or more individual workweeks.

191.     Defendant violated Oregon Law by failing to pay Plaintiff Green and Oregon Class members overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

**JURY DEMAND**

192.     Plaintiffs demand a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Collective Action Members, the Maine Class members, and the Oregon Class Members, seek a judgment against Defendant as follows:

A.     An Order designating this lawsuit as a Collective Action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B.     An Order certifying the Maine Class pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4).

C.     An Order certifying the Oregon Class pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4).

D.     All unpaid overtime wages due to Plaintiffs, the Collective Action Members, the Maine Class members, and the Oregon Class members;

E.     Pre-judgment and post-judgment interest;

F.     Liquidated damages equal to the unpaid overtime compensation due;

G.     Penalties for Oregon Class Member under ORS 652.150;

H.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

I.   Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/Maureen A. Salas
Douglas M. Werman
Maureen A. Salas
**Werman Salas P.C.**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

Travis M. Hedgpeth*
Texas Bar No. 24074386
**The Hedgpeth Law Firm, PC**
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
travis@hedgpethlaw.com

Jack Siegel*
Texas Bar No. 24070621
Stacy W. Thomsen*
California Bar No. 274282
**Siegel Law Group PLLC**
4925 Greenville Avenue, Suite 600
Dallas, Texas 75206
Telephone: (214) 790-4454
stacy@siegellawgroup.biz
jack@siegellawgroup.biz
*Application for admission pro hac vice
forthcoming*

**ATTORNEYS FOR PLAINTIFFS AND
OTHERS SIMILARLY SITUATED**