# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY GREEN, CHERYL KILFOIL, HEATHER SINCLAIR, LISA DONOVAN, and MOLLY RAMIREZ, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RELIANCE STANDARD LIFE INSURANCE COMPANY, <br><br> Defendant. | No. 20-cv-03878 <br><br> Judge John F. Kness |

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

On October 14, 2021, the Court held a final fairness hearing and heard Plaintiffs' unopposed motion for final approval of a class action. The Court has read and considered the Unopposed Motion for Final Approval of Class and Collective Action Settlement and Plaintiffs' Petition for an Award of Attorney's Fees and Litigation Expenses, and other related material submitted by Plaintiffs, has heard the Parties' presentation at hearing on final approval, and is otherwise fully informed in the premises:

IT IS HEREBY ORDERED:

1.  Unless otherwise defined herein, all terms in this Order (the "Final Approval Order") will have the same meaning as defined in the Collective and Class Action Settlement Agreement ("Settlement Agreement").

2.  This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, including all Settlement Class

Members, preliminarily certified by Order dated June 14, 2021 (ECF No. 43), and defined in the Settlement Agreement as:

> **FLSA Settlement Class** – All Named and Opt-in Plaintiffs and all persons identified in the mediation data produced by Defendant on January 15, 2021, who worked for Reliance Standard Life Insurance Company as a salaried, exempt STD Claims Examiner II and/or a salaried, exempt LTD Claims Examiner I, between November 9, 2017 and February 10, 2021.
>
> **Maine Settlement Class** - All Named and Opt-in Plaintiffs who worked for Defendant in Maine and all persons identified in the mediation data produced by Defendant on January 15, 2021, who worked for Reliance Standard Life Insurance Company in Maine as a salaried, exempt STD Claims Examiner II and/or a salaried, exempt LTD Claims Examiner I between July 1, 2014 and February 10, 2021.

3. Pursuant to Rule 23, the Court confirms as final its certification of the Maine Settlement Class for settlement purposes based on the findings in the Preliminary Approval Order and in the absence of any objections from Settlement Class Members to such certification.

4. Two Maine Settlement Class Members timely requested exclusion from the Settlement: Jonathan Bassett and Caryn Remick are excluded from the Maine Settlement Class.

5. Pursuant to Rule 23(e)(2), this Court hereby grants the Motion for Final Approval of Class and Collective Action Settlement and finally approves the Settlement Agreement as set forth therein. The Court finds that the Settlement memorialized in the Settlement Agreement, and filed with the Court, is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members. The Court finds that: (a) the Class Representatives and Class Counsel, who have significant experience representing parties in complex wage and hour class actions, have adequately represented the Settlement Class Members; (b) the Settlement was reached pursuant to arm's-length negotiations between the parties with the assistance of a mediator; (c); the parties have shown that the Gross Settlement Amount of $925,000.00 set forth in the Settlement Agreement is adequate when considering (i) the costs, risks, and delay of trial and appeal, (ii) the

method for distributing relief to the Settlement Class Members, including the method for processing the Settlement Class Members' claims, was effective, with there being no objections to the Settlement from any of the Settlement Class Members (iii) the attorneys' fees awarded to Class Counsel, including the timing of payment, are fair (iv) the terms of the Settlement Agreement have been properly identified; (d) and the Settlement treats all Settlement Class Members equitably relative to each other.

6. Pursuant to 29 U.S.C. § 216(b), the Court approves the FLSA Settlement and certifies the collective class under the FLSA. The Court further finds that with regard to the Fair Labor Standards Act ("FLSA") claims in the case, the proposed settlement is a fair and reasonable resolution of a bona fide dispute. In particular, the Court finds the proposed settlement fair and reasonable in light of the complexity, expense, and likely duration of continued litigation; the stage of the proceedings; the risks of establishing liability and/or damages; the risks of maintaining the Action through the trial; the reasonableness of the settlement fund in light of the best possible recovery; and the reasonableness of the settlement fund in light of all the risks of litigation.

7. All FLSA Settlement Class Members' Settlement Checks shall contain a limited endorsement on the back of the check as provided in the Settlement Agreement. A FLSA Settlement Class Member's endorsement on the Settlement Check will act as a properly filed Consent to join the FLSA claims in this lawsuit and an agreement to be bound by the Settlement.

8. The Court approves the release of claims set forth in Section III.2 of the Settlement Agreement. The Release for Maine Settlement Class Members shall not apply to the two Maine Settlement Class Members who timely requested exclusion from the Settlement.

9. The Court confirms as final the appointment of Douglas M. Werman and Maureen A. Salas of Werman Salas P.C., Jack Siegel of Siegel Law Group PLLC, and Travis Hedgpeth of

the Hedgpeth Law Firm, PC as class counsel for the Class Members pursuant to Federal Rule of Civil Procedure 23.

10. The Court finds that the Notice of Settlement that was distributed to Settlement Class Members pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances, was accomplished in all material respects, and fully met the requirements of Rule 23, the Fair Labor Standards Act, and due process.

11. The Court finds that Class Members' reaction to the settlement was positive. No Class Member objected to the Settlement.

12. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Maine Settlement Class Members who did not timely opt out and to all FLSA Class Members are fair, reasonable and adequate, and the Settlement Administrator shall issue Settlement Checks to Class Members consistent with allocation described in Section III.8 of the Settlement Agreement.

13. The Parties are directed to perform the obligations set forth in the Settlement Agreement, and the Court expressly adopts and incorporates herein all the terms of the Settlement Agreement (ECF No. 38-1).

14. Class Counsel's request for attorneys' fees in the amount of $323,750.00 and for litigation expenses in the amount of $10,695.14 is approved.

15. The Court approves and find reasonable the following Service Awards: $5,000.00 to each Class Representative and $1,000 to each Opt-in Plaintiff. These awards are in addition to the payments each individual will receive as his or her ratable share of the Net Settlement Amount as Settlement Class Members.

16. The Court approves and find reasonable the payment of the Settlement Administrator's fees in the amount of $9,421 from the Gross Settlement Amount.

17. Pursuant to Section III.7 of the Settlement Agreement, Defendant is hereby ordered to deposit the Gross Settlement Amount into the Qualified Settlement Fund established by the Settlement Administrator by no later than 38 days after entry of this Order. Defendant shall deposit the employer's share of applicable payroll taxes into the Qualified Settlement Fund at the same time it deposits the Gross Settlement Amount into the Qualified Settlement Fund.

18. This Action is dismissed without prejudice. The dismissal without prejudice will convert to a dismissal with prejudice sixty days after Defendant has fully funded the Qualified Settlement Fund with the Gross Settlement Amount and the employer share of payroll taxes.

19. The Court hereby enters Judgment approving the terms of the Settlement Agreement. This Order shall constitute a final judgment for purposes of Fed. R. Civ. P. 58.

20. The Court retains jurisdiction over the Action for the purpose of interpreting, implementing, and enforcing the terms of the Settlement Agreement.

SO ORDERED in No. 20-cv-03878.

Date: October 14, 2021

JOHN F. KNESS
United States District Judge